IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                        Nos.   CR 05-1160 MV
                                                           CIV 16-0676 MV/LF

MICHAEL DALLAS,

    Defendant/Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition (Doc. 79[1]) (Report) and movant Michael Dallas's objections to the Report (Doc. 84). Having reviewed the record in this case, the Court overrules Dallas's objections and adopts the magistrate judge's recommendation to deny Dallas's motion.

**I.    Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3). To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 05-1160 MV, unless otherwise noted.

**II.    Discussion**

The magistrate judge recommended that the Court deny Dallas's motion because Dallas's prior felony aggravated battery convictions under New Mexico law are violent felonies under the elements clause of the ACCA. *See* Doc. 79 at 6–10. Because his prior convictions satisfy the elements clause, Dallas is not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court invalidated only the residual clause of the ACCA, not the elements clause. *See* Doc. 79 at 3–10; *Johnson*, 135 S. Ct. at 2563.

In his objections, Dallas argues that the magistrate judge erred in finding that the felony aggravated battery statute under which he was convicted requires more than merely touching another person. Doc. 84 at 3–8. He also argues that the magistrate judge erred in concluding that the felony aggravated battery statute's requirement that an unlawful touching that inflicts great bodily harm (or could inflict such harm) necessarily requires physical force. *See id.* at 8–11. He further argues that the magistrate judge erred in concluding that *United States v. Barraza-Ramos*, 550 F.3d 1246 (10th Cir. 2008) does not control this case, *see* Doc. 84 at 12–14, and that the magistrate judge erred in applying the modified categorical approach, *see id.* at 14–15. The Court will address each of Dallas's arguments in turn.

### A. The Magistrate Judge Correctly Determined that Felony Aggravated Battery in New Mexico Requires More than a Mere Touch.

Dallas argues that "[c]ommon law battery is an element of aggravated battery and the mere touch needed to complete the offense is not the violent physical force described in *Johnson I* [*Johnson v United States*, 559 U.S. 133 (2010)[2]] as necessary to meet the force clause definition." Doc. 84 at 3. Common law battery, however, is a misdemeanor crime distinct from

---

[2] To avoid confusion, the Court and the parties refer to this earlier *Johnson* case as *Johnson I*. *See* Doc. 79 at 5 n.3. In *Johnson I*, the Supreme Court held that the term "physical force" as used in the elements clause of the ACCA "means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original). The 2015 *Johnson* case under which Dallas filed his motion is referred to as *Johnson II*.

2

the aggravated battery statute at issue here, which is a felony. *Compare* N.M. STAT. ANN. § 30-3-4 (codifying common law battery and stating "[w]hoever commits battery is guilty of a petty misdemeanor") *with* N.M. STAT. ANN. §§ 30-3-5(A), (C) (describing felony aggravated battery). One "key distinction between the two battery statutes is the mens rea requirement." *State v. Skippings*, 2011-NMSC-021, ¶ 14, 150 N.M. 216, 258 P.3d 1008, 1012. "Under the aggravated battery statute, it must be established that the perpetrator possessed the specific intent to injure that person or another." *Id.* Felony aggravated battery also requires proof either that the perpetrator touched the victim with a deadly weapon, or that the perpetrator touched the victim in a way that caused great bodily harm or in a way that likely would result in death or great bodily harm. N.M. STAT. ANN. § 30-3-5(C). Dallas's argument ignores these additional elements of felony aggravated battery. When viewed all together, the elements of felony aggravated battery require "violent force," not merely a touch.

The elements of felony aggravated battery involving great bodily harm are as follows:

1. The defendant touched or applied force to the victim.
2. The defendant intended to injure the victim or another.
3. The defendant either caused great bodily harm to the victim or acted in a way that would likely result in death or great bodily harm to the victim.

N.M. R. ANN., Crim. UJI 14-323. "Great bodily harm means an injury to a person which creates a high probability of death or results in serious disfigurement or results in loss of any member or organ of the body or results in permanent or prolonged impairment of the use of any member or organ of the body." N.M. R. ANN., Crim. UJI 14-131 (brackets and footnote omitted).

The elements of felony aggravated battery with a deadly weapon are as follows:

1. The defendant touched or applied force to the victim with a deadly weapon.
2. The defendant intended to injure the victim or another.

N.M. R. ANN., Crim. UJI 14-323. An object is a deadly weapon if, when used as a weapon, it could cause death or great bodily harm. *Id.*

Thus, the question with respect to the three means of committing aggravated battery is whether the additional elements—that the defendant acted with the intent to injure and either caused great bodily harm, acted in a way that likely would cause death or great bodily harm, or used a deadly weapon—necessarily involves the use of violent force. *See United States v. Taylor*, 843 F.3d 1215, 1223 (10th Cir. 2016) (although *simple* battery does not satisfy the elements clause because it could be accomplished by only the slightest touch, the question is whether battery that includes the aggravating element of a deadly weapon is sufficient to satisfy the violent force requirement). Tenth Circuit precedent evaluating similar statutes compels the conclusion that these additional elements satisfy the violent force requirement of the ACCA.

For example, in *United States v. Treto-Martinez*, 421 F.3d 1156, 1160 (10th Cir. 2005), the Tenth Circuit held that Kansas aggravated battery satisfied the force clause of the Guidelines.[3] Conviction under one prong of the statute required "physical contact . . . whereby great bodily harm, disfigurement or death can be inflicted." *Id.* "It is clear," the court held, "that a violation of this provision" suffices to satisfy the force clause. *Id.* "No matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily

---

[3] Although *Treto-Martinez* pre-dates *Johnson I*, the court in *Treto-Martinez* did not apply a lesser standard of "physical force" in interpreting the force clause. *Compare Treto-Martinez*, 421 F.3d at 1159 (holding that "[a]lthough not all physical contact performed in a rude, insulting[,] or angry manner would rise to the level of physical force," (i.e., more than mere touching is required), such contact would satisfy the force clause if carried out with a deadly weapon), *with Johnson I*, 559 U.S. at 140 (requiring more than mere touching to satisfy the force clause). Therefore, *Johnson I* did not diminish the precedential value of *Treto-Martinez*. Instead, *Johnson I* resolved a split among the circuits as to whether mere touching could satisfy the force clause—essentially affirming the Tenth Circuit's approach. *See generally United States v. Hays*, 526 F.3d 674, 677–81 (10th Cir. 2008), (discussing the circuit split); *id.* at 684 n.4 (Ebel, J., dissenting) (also discussing the circuit split). The Supreme Court held that mere touching was not enough, which is consistent with earlier Tenth Circuit decisions. *See, e.g.*, *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003) ("Force, as used in the definition of a crime of violence, is synonymous with destructive violent force."); *Hays*, 526 F.3d at 681 ("[P]hysical force in a crime of violence[] must, from a legal perspective, entail more than mere contact. Otherwise, *de minimis* touchings could [suffice]." (internal quotation marks omitted)).

harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the "threatened use of physical force." *Id.* This prong of the Kansas aggravated battery statute is similar to the requirement under the New Mexico felony aggravated battery statute that the defendant "caused great bodily harm" or "acted in a way that would likely result in death or great bodily harm." *See* N.M. R. ANN., Crim. UJI 14-323.

With respect to aggravated battery involving the use of a deadly weapon, several cases are instructive. As the magistrate judge noted, in *United States v. Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016), the court held that New Mexico aggravated assault with a deadly weapon is categorically a crime of violence under the Sentencing Guidelines' force clause, which is identical to the ACCA's force clause. The use of a weapon "capable of producing death or great bodily harm . . . necessarily threatens the use of physical force." *Id.* Similarly, in *United States v. Ramon Silva*, 608 F.3d 663, 670–71 (10th Cir. 2010), the court held that New Mexico's "apprehension causing" aggravated assault statute qualified under the force clause of the ACCA. Even though the assault statute could be violated without any actual physical contact or violence perpetrated against the victim, the conduct it criminalized "'could always lead to . . . substantial and violent contact, and thus . . . would always include as an element' the threatened use of violent force." *Id.* at 672 (quoting *Treto-Martinez*, 421 F.3d at 1160); *see also Taylor*, 843 F.3d at 1224 (noting that "regardless of the type of dangerous weapon that is employed by a particular defendant, the use of a dangerous weapon during an assault or battery always constitutes a sufficient threat of force to satisfy the [force] clause" (internal quotation marks omitted)).

Based on these cases, I find that New Mexico felony aggravated battery requires the use of physical force required by *Johnson I.* Conviction under New Mexico's felony aggravated battery statute requires more than a mere touching. It requires the intent to injure and commission in a manner whereby great bodily harm is inflicted, or death or great bodily harm

5

could be inflicted, or where a deadly weapon is used. *See* N.M. STAT. ANN. § 30-3-5(C). A battery committed in a manner that could inflict great bodily harm necessarily requires "force capable of causing physical pain or injury." *Johnson I*, 559 U.S. at 140; *Treto-Martinez*, 421 F.3d at 1160. Likewise, a battery committed with the use of a deadly weapon "always constitutes a sufficient threat of force to satisfy the [force] clause." *Taylor*, 843 F.3d at 1224 (internal quotation marks omitted). The additional requirements of felony aggravated battery—essentially, that serious bodily injury did or could have occurred, or that a deadly weapon was used—put the statute squarely in the range of conduct that the Tenth Circuit has found to satisfy the physical force requirement of the elements clause. Notably, several other judges in this District have reached the same conclusion.[4]

Dallas's arguments to the contrary are unpersuasive. He argues that conviction under the felony aggravated battery statute can result from any "unlawful touching, however slight." Doc. 84 at 5. Because "[s]imple battery is a necessary element of aggravated battery," he contends, any unlawful touch will satisfy the battery element, and no more force is required for conviction of the greater offense of aggravated battery. *Id.* But Dallas cites no case that supports his argument. His citations to cases analyzing simple battery, rather than felony aggravated battery, are inapposite. *See State v. Ortega,* 1992-NMCA-003, 113 N.M. 437, 827 P.2d 152; *State v. Hill*, 2001-NMCA-094, 131 N.M. 195, 34 P.3d 139. And the cases he cites that do evaluate the aggravated battery statute indisputably involve the use of physical force. *See State v. Traeger*,

---

[4] *E.g.*, *Manzanares v United States*, 16-cv-0599 WJ/SMV, Doc. 21 at 18–24 (D.N.M. Sept. 6, 2017); *Pacheco v. United States*, 16-cv-0341 WJ/CG, Doc. 15 at 8–9 (D.N.M. June 1, 2017); *Sanchez v. United States*, 16-cv-0659 JAP/GBW, Doc. 20 at 24–27 (D.N.M. July 5, 2017); *Sedillo v. United States*, 16-cv-0426 MCA/LAM, Doc. 18 at 13–16 (D.N.M. Mar. 6, 2017); *Vasquez v. United States*, 16-cv-0678 JAP/WPL, Doc. 11 at 8 (D.N.M. Jan. 10, 2017); *see also United States v. Folse*, 15-cr-2485 JB, 2017 WL 4481158, *20–*25 (D.N.M. Oct. 5, 2017) (New Mexico felony aggravated battery is a crime of violence under the § 4B1.2 of the Guidelines).

2001-NMSC-022, 130 N.M. 618, 29 P.3d 518 (defendant used baseball bat to beat victim).[5]

Dallas ignores the plain language of the statute, which explicitly requires more than mere touching. He cites no authority suggesting otherwise.

Dallas also cites to two federal appellate cases that he believes are persuasive. *See* Doc. 84 at 5–7. But both cases are readily distinguishable from this case. Dallas first suggests that the Court should follow the First Circuit's reasoning in *United States v. Fish*, 758 F.3d 1, 9–17 (1st Cir. 2014), which held that the Massachusetts crime of assault and battery with a dangerous weapon ("ABDW") does not constitute a crime of violence under 18 U.S.C. § 16(b).[6] Importantly, however, the government did not argue, and the First Circuit did not consider, whether Massachusetts ABDW was a crime of violence under 18 U.S.C. § 16(a), which is the subsection substantially identical to the elements clause in the ACCA. *See Fish*, 758 F.3d at 9. In later cases, in which the government *did* make the argument that it eschewed in *Fish*, the First Circuit held that Massachusetts assault with a dangerous weapon (ADW)—a lesser included offense of ABDW—"has as an element the use, attempted use, or threatened use of physical force as required by the ACCA's Force Clause." *United States v. Whindleton*, 797 F.3d 105, 116 (1st Cir. 2015); *see also United States v. Tavares*, 843 F.3d 1, 12–14 (1st Cir. 2016) (holding that

---

[5] Dallas further relies on *State v. Kraul*, 1977-NMCA-032, 90 N.M. 314, 563 P.2d 108, which also is inapposite. *Kraul* held that simple battery and battery upon a peace officer are lesser included offenses of aggravated battery upon a peace officer. But the fact that simple battery is a lesser included offense of felony aggravated battery does not mean that the Court can ignore the additional elements required to establish felony aggravated battery in determining whether that offense is a violent felony under the ACCA.

[6] 18 U.S.C. § 16 provides:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

7

Massachusetts ABDW constitutes a crime of violence under § 4B1.2(a)(1) of the Guidelines—which is identical to the elements clause in the ACCA). Because *Fish* did not address whether ABDW constituted a crime of violence under 18 U.S.C. § 16(a)—the subsection nearly identical to the ACCA's elements clause—it is not on point.

In *United States v. Hays*, 526 F.3d 674, 681 (10th Cir. 2008)—the other federal appellate case on which Dallas relies—the court held that a Wyoming battery statute did not satisfy the "use of physical force" element required to satisfy the definition of a "misdemeanor crime of domestic violence." However, the underlying statute in *Hays* could be violated by unlawfully touching someone in a rude, insolent or angry manner. *Id.* at 678. Because that provision could be violated by "any contact, however slight," the court held that it did not satisfy the force clause. *Id.* at 678–79. As discussed above, aggravated felony battery in New Mexico requires more than "any contact, however slight." *Hays* therefore does not control the outcome of this case.

### B. Supreme Court Precedent Forecloses Dallas's Argument that "Causing Injury Does Not Equate with the Use of Violent Physical Force."

Dallas argues that the magistrate judge erred in concluding that proof of great bodily harm necessarily means that New Mexico felony aggravated battery has a violent physical force element. *See* Doc. 84 at 8. Dallas relies on *United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1195 (10th Cir. 2008), which held that a defendant's prior conviction for assault by drugging a victim was not a crime of violence under the Guidelines because it did not involve *physical* force. Dallas argues that under New Mexico's aggravated battery statute, "a person may unlawfully touch another by applying a contaminated salve"; or "a medical professional may intravenously give a drug which he knows will or could gravely harm a person"; or a "person may bump another into the path of an oncoming bus or train." Doc. 84 at 9. Although Dallas cites no New Mexico cases that have actually applied the felony aggravated battery statute to

8

these situations, even if the statute were to apply, Supreme Court precedent forecloses his argument.

The Supreme Court's decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014) calls into question the continued vitality of *Rodriguez-Enriquez*. The Supreme Court in *Castleman* rejected an argument similar to the one Dallas makes here. The defendant in *Castleman* argued that, while he committed a crime that required him to have "intentionally or knowingly cause[d] bodily injury to" the victim, such a crime did not have as an element the use of physical force because "one can cause bodily injury without violent contact—for example, by deceiving the victim into drinking a poisoned beverage." 134 S. Ct. at 1409 (internal quotations omitted). The Supreme Court held that such conduct does in fact entail the use of force:

> [A]s we explained in *Johnson [I]*, physical force is simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force. And the common-law concept of force encompasses even its indirect application. Force in this sense describes one of the elements of the common-law crime of battery, and "the force used" in battery need not be applied directly to the body of the victim. A battery may be committed by administering a poison or by infecting with a disease, or even by resort to some intangible substance, such as a laser beam. It is impossible to cause bodily injury without applying force in the common-law sense.
>
> Second, the knowing or intentional application of force is a "use" of force. Castleman is correct that under *Leocal v. Ashcroft,* 543 U.S. 1, 125 S. Ct. 377, 160 L.Ed.2d 271 (2004), the word "use" conveys the idea that the thing used (here, physical force) has been made the user's instrument. But he errs in arguing that although poison may have forceful physical properties as a matter of organic chemistry, . . . no one would say that a poisoner employs force or carries out a purpose by means of force when he or she sprinkles poison in a victim's drink. The "use of force" in Castleman's example is not the act of "sprinkling" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.

*Castleman*, 134 S. Ct. at 1414–15 (internal quotations, brackets, and citations omitted). In short, "a 'bodily injury' must result from 'physical force.'" *Id.* at 1414.

*Castleman* dealt with the force required under the definition of "misdemeanor crime of domestic violence" in 18 U.S.C. § 922(g)(9), which the Court held to be a lesser amount of force than that required under the *Johnson I* standard. *See id.* at 1409–13. However, the Court's reasoning still applies in considering whether New Mexico's felony aggravated battery offense requires the use of violent force. As the Fourth Circuit has explained, the *Castleman* "Court relied significantly on *Johnson [I]* in rejecting a proffered limitation on the term 'physical force.'" *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017) (quoting *Castleman*, 134 S. Ct. at 1414 ("[A]s we explained in *Johnson*, 'physical force' is simply 'force exerted by and though concrete bodies'"); *cf. id.* at 1416–17 (Scalia, J., concurring in part and concurring in the judgment) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result")). The combined analysis of *Johnson I* and *Castleman* compels the conclusion that the ACCA's "use of physical force" phrase includes force applied directly or indirectly. *See id.* Dallas's argument to the contrary must fail.

### C. The Magistrate Judge Correctly Concluded that *Barraza-Ramos* Does Not Control the Outcome of this case.

Dallas also argues that the magistrate judge erred in concluding that the Tenth Circuit's decision in *Barraza-Ramos*, 550 F.3d 1246, does not control the outcome of this case. Dallas's argument is without merit. The magistrate judge correctly held that the statute at issue in *Barraza-Ramos* was not analogous to New Mexico's felony aggravated battery statute, and that the *Barraza-Ramos* decision was not determinative.

In *Barraza-Ramos,* 550 F.3d at 1250–51, the Tenth Circuit held that a Florida aggravated battery statute, which criminalized battery against pregnant women, did not satisfy the force clause. The statute could be violated by merely "touching" a pregnant woman against her will. *Id.* at 1249. *Barraza-Ramos* did not contemplate a battery statute with the additional requirements that the defendant intend to injure the victim *and* that the defendant commit the

battery (1) in a manner that causes great bodily harm, (2) with the use of a deadly weapon, or (3) in a manner whereby death or great bodily harm likely would be inflicted. These additional requirements distinguish New Mexico aggravated battery from the statute in *Barraza-Ramos*. And, as explained in footnote 5 above, the fact that simple battery is a lesser included offense of felony aggravated battery does not permit the Court to ignore the additional elements of felony aggravated battery in determining whether it satisfies the elements clause of the ACCA. New Mexico's felony aggravated battery, N.M. STAT. ANN. §§ 30-3-5(A), (C), qualifies as a violent felony under the elements clause of the ACCA.

### D. The Magistrate Judge Correctly Applied the Modified Categorical Approach.

Dallas's final argument is that the magistrate judge erred in applying the modified categorical approach to the statute at issue here. He argues, for the first time, that the magistrate judge should not have reviewed the court documents attached as exhibits to the government's response, and he requests that the Court strike those exhibits. *See* Doc. 84 at 15. Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Nonetheless, even without considering the court documents attached to the government's response, the magistrate judge did not misapply the modified categorical approach.

Dallas suggests that the magistrate judge found that subsection C of N.M. STAT. ANN. § 30-3-5 was divisible. Doc. 84 at 15. This is simply incorrect. The magistrate judge held only that subsection C was divisible from subsection B, not that the three methods of committing felony aggravated battery under subsection C were divisible from each other. Doc. 79 at 7. The magistrate judge specifically declined to decide whether subsection C was divisible, and instead found that however felony aggravated battery was committed, it qualified as a violent felony under the ACCA. *See id.* at 7 ("The Court need not decide that question [whether subsection C

11

is divisible] . . . ."), 9 ("[A]ll three of the *means* by which one can violate N.M. STAT. ANN. § 30-3-5(C) satisfy the force requirement set out in *Johnson I*." (emphasis added)).

Dallas's argument that the magistrate judge should not have used the modified categorical approach to determine whether he violated subsection B or C is baffling. He argues that "whether aggravated battery is divisible in this way is irrelevant because both versions require proof of an unlawful touch." Doc. 84 at 14. Although it is true that both the misdemeanor offense and the felony offense require proof of an unlawful touch, the magistrate judge needed to determine whether Dallas's prior offense was a *felony*, and therefore potentially a *violent felony* under the ACCA, or merely a misdemeanor. The only way to make this determination was to apply the modified categorical approach.[7] That determination only informed the Court as to what additional elements form the basis of a felony aggravated battery under New Mexico law and was a proper application of the modified categorical approach. *See Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016) ("the modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction"). And although Dallas repeatedly argues that the Court should not consider all of the elements of felony aggravated battery to determine whether it qualifies as a violent felony under the ACCA, the Tenth Circuit has held otherwise. *See Taylor*, 843 F.3d at 1223–24 (sentencing court properly considered whether the additional element of the use of a dangerous weapon during an assault or battery was sufficient to satisfy the elements clause of the career offender provision of the Guidelines). The magistrate judge did not err in applying the modified categorical approach to determine the elements of felony aggravated battery under New Mexico law.

---

[7] The magistrate judge did not need to view the exhibits attached to the government's response to make this determination. Dallas admitted in his plea agreement that he had been convicted of at least three third degree felony aggravated battery offenses in the state of New Mexico in the early 1990s. Doc. 42 at 5. Further, Dallas never objected to the application of the ACCA enhancement on the ground that his prior predicate offenses were misdemeanors, not felonies.

12

**III.     Conclusion**

For the foregoing reasons, the Court overrules Dallas's objections (Doc. 84).

IT IS THEREFORE ORDERED that the Proposed Findings and Recommended Disposition (Doc. 79) is ADOPTED by the Court.

IT IS FURTHER ORDERED that this case is DISMISSED, and that a final judgment be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE